## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **DANIELLE MALLOY,** *Plaintiff,* v. **COMENITY CAPITAL BANK** *and* **EXPERIAN INFORMATION SOLUTIONS, INC.,** *Defendants.* | Case No.: **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DANIELLE MALLOY ("Ms. Malloy"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, COMENITY CAPITAL BANK ("Comenity") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (jointly, the "Defendants") stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Malloy against the Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION

2. Subject matter jurisdiction for Plaintiff's FCRA claims arises under 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendants in Hernando County, which is within the Middle District of Florida.

## PARTIES

### Ms. Malloy

5. Ms. Malloy is a natural person residing in the City of Weeki Wachee, Hernando County, Florida.

6. Ms. Malloy is a *Consumer* as defined by 15 U.S.C. 1681a(c).

### Comenity

7. Comenity is a nationally chartered bank, with a principal business address of 12921 South Vista Station Blvd, Suite 400, Draper, UT 84020.

8. Comenity's Utah Registered Agent is CT Corporation System, 1108 E. South Union Ave., Midvale, UT 84047.

### Experian

9. Experian is an Ohio corporation, with a principal business address of 475 Anton Blvd., Costa Mesa CA 92626.

10. Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Rd. Plantation, FL 33324.

11. Experian is a nationwide *Consumer Credit Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce, specifically the mail and internet, for the purpose of preparing or furnishing consumer reports. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

12. In or around July 2018 Ms. Malloy needed to finance a medical procedure.

13. Ms. Malloy opened an Alphaeon Credit account issued through Comenity Bank to cover the costs of the medical procedure.

14. Alphaeon Credit accounts can be used only to make charges at certain medical providers, including dentists, dermatologists, and cosmetic surgeons; it is

not possible to charge amounts from non-medical providers to an Alphaeon Credit account.

15. Comenity later claimed $5,734 was owed by Ms. Malloy (the "Debt").

16. Comenity reported the account to Experian as a non-medical debt, despite the fact that the entire Debt stemmed from a medical procedure. **SEE PLAINTIFF'S EXHIBIT A.**

17. Pursuant to the FCRA, the term "medical information" means "information or data, whether oral or recorded, in any form or medium, created by or derived from a health care provider or the consumer, that relates to … the provision of health care to an individual." *See* 15 USC 1681a(i)(1)(B).

18. As the full amount of the purported Debt related to charges concerning the provision of health care to Ms. Malloy, the Debt was "medical information" as defined by the FCRA.

19. Experian, like the other major nationwide CRAs, requires furnishers of data like Comenity to report a "creditor classification code" ("CCC") which indicates the nature of the transaction.

20. A total of 15 different CCCs exist in the Metro 2® reporting language, which is a *lingua franca* used by the major nationwide CRAs to create uniform reporting standards.

21. A CCC of "02" means "medical/health care," and a CCC of "08" means "banking."

22. Accounts reported with the "02" CCC are redacted and simply state "MEDICAL PAYMENT DATA" in reports that Experian furnishes to third parties.

23. If a consumer applies for a mortgage guaranteed through the Federal Housing Administration ("FHA") or any other government agent, accounts reported with the "02" CCC are excluded from the consumer's debt-to-income ratios.

24. Almost all commercially used credit scores, including most versions of FICO® as well as Vantage® credit scores, weight adverse information reported with an "02" CCC significantly less severely against the consumer than adverse information reported with any other CCC.

25. As of July 1, 2022, the major CRAs also delete paid derogatory tradelines from a consumer's credit history if the CCC is reported as "02" to ensure

that consumers are not unfairly harmed by paid medical debts which were previously derogatory.

26. At some point prior to July 2024, Ms. Malloy disputed Comenity's tradeline to Experian, stating the reported data was not accurate and that, amongst other issues, the account should be reported as a medical debt if reported at all.

27. Experian sent Comenity an *Automated Consumer Dispute Verification* ("ACDV") request through a system known as e-OSCAR and asked Comenity to make a reasonable investigation into the dispute pursuant to the FCRA.

28. Comenity responded to the ACDV request, confirming its tradeline was correct and required no modification, update, or deletion.

29. Comenity had no basis to conclude the Debt was not medical in nature since its business records clearly showed the Debt consisted of *only* medical debt.

30. If a furnisher of data to a CRA, like Comenity, confirms disputed information as accurate, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Management, Inc.* (11th Cir.) 827 F.3d 1295 (2016).

31. The standard for judging the reasonableness of procedures "is what a reasonably prudent person would do under the circumstances." *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984).

32. Comenity is a large bank which receives thousands of ACDVs each month.

33. To minimize costs, Comenity instructs its employees responding to ACDVs to quickly compare the information contained in the requesting CRAs file against Comenity's own internal records.

34. On information and belief, Comenity does not authorize its employees to make any actual investigation at all, beyond a *de minimis* comparison of CRA records to Comenity's own records.

35. For this reason, a consumer who disputes something specific about the data being reported – such as an incorrect CCC – will have her information confirmed as "accurate" simply because Comenity's own flawed records show as much, and, moreover, the employees/contractors answering the disputes are not trained to investigate disputes of this nature nor are they empowered to make such investigations.

36. No objective, reasonable investigation was made; any reasonable investigation would have determined that the Debt should have been reported with a CCC of "02" meaning "medical/health care."

37. Comenity's failures were willful and intentional since they were the result of intentional policies put in place to minimize investigation costs, even though the accuracy of the investigations would be impaired.

38. Experian has furnished reports about Ms. Malloy to third parties – creditors, or potential creditors which included the Debt improperly reported as non-medical debt.

39. CRAs such as Experian are required to conduct their own investigations into a dispute from a consumer. *See* 15 U.S.C. § 1681i(a)(1)(A).

40. On information and belief, rather than conduct its own independent reinvestigation, Experian, in response to the disputes received from Ms. Malloy, merely relied on the dispute responses from Comenity, blindly accepting the results and updating their reporting accordingly.

41. Experian determined that the electronic verification of the tradeline by Comenity – something requiring only a few clicks of a computer mouse – was somehow more persuasive evidence than anything proffered by Ms. Malloy, even

though Ms. Malloy's dispute and version of events was far more probable than that of Comenity's. Moreover, even a cursory review of the Alphaeon website quickly reveals the product is a medical-only charge card.

42. At the absolute minimum, Experian could not have believed that the Debt was *not* disputed by Ms. Malloy, and Comenity's failure to report it as disputed should have been a red flag which indicated Comenity's reinvestigations were not reliable.

43. Upon receipt of the ACDV response, Experian utilized an automated system which made rudimentary checks of tradeline data between what Comenity had reported and the data contained in Experian's own file on Ms. Malloy, *e.g.*, her name, address, date of birth, and Social Security number.

44. Such automated processes will not do anything to correct medical payment data reported as non-medical.

45. For at least the last 35 years, courts in this district have recognized that a CRA cannot rely solely upon its data furnisher when the consumer disputes the accuracy of the furnisher's version of events. *See Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985) ("Merely reporting whatever information the creditor furnished was not reasonable, especially where the

defendant knew of the impending dispute between the [consumer] and [data furnisher].")

46. Ms. Malloy has hired the undersigned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## COMENITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681s-2(b)

47. Ms. Malloy adopts and incorporates paragraphs 1 – 46 as if fully stated herein.

48. Comenity violated **15 U.S.C. § 1681s-2(b)** when it failed to make a reasonable investigation after notice of dispute from a CRA, as any reasonable investigation would have concluded the Debt – which was entirely medical in nature – should be reported with a CCC of "02" and, as such, Comenity's reported information was not accurate and complete without modification.

49. The information Comenity reported and verified was clearly inaccurate, and indeed no reasonable investigations were actually conducted by Comenity.

50. Comenity's actions were either willful and intentional or, alternatively, it acted with reckless disregard for its duties under the FCRA to make reasonable investigations.

51. It is reasonably foreseeable that Comenity's actions and policies would cause Ms. Malloy harm.

52. Comenity's conduct caused Ms. Malloy to suffer damages to her credit report and scores, as well as emotional distress in having to deal with an account being reported which she disputed to no avail.

53. Accordingly, Comenity is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Malloy's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Malloy respectfully requests this Honorable Court enter judgment in her favor, and against Comenity, for:

   a. The greater of Ms. Malloy's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## COMENITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
### (Pled in the Alternative to Count I)

54. Ms. Malloy adopts and incorporates paragraphs 1 – 46 as if fully stated herein and pled in the alternative to Count I.

55. Comenity violated **15 U.S.C. § 1681s-2(b)** when it failed to make a reasonable investigation after notice of dispute from a CRA, as any reasonable investigation would have concluded the Debt – which was entirely medical in nature – should be reported with a CCC of "02" and, as such, Comenity's reported information was not accurate and complete without modification.

56. The information Comenity reported and verified was clearly inaccurate, and indeed no reasonable investigations were actually conducted by Comenity.

57. Comenity's actions were either willful and intentional or, alternatively, it acted with reckless disregard for its duties under the FCRA to make reasonable investigations.

58. It is reasonably foreseeable that Comenity's actions and policies would cause Ms. Malloy harm.

59. Comenity's conduct caused Ms. Malloy to suffer damages to her credit report and scores, as well as emotional distress in having to deal with an account being reported which she disputed to no avail.

60. Comenity acted negligently, and is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Malloy's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Malloy respectfully requests this Honorable Court enter judgment in her favor, and against Comenity, for:

a. Ms. Malloy's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

61. Ms. Malloy adopts and incorporates paragraphs 1 – 46 as if fully stated herein.

62. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to make a reasonable reinvestigation into a dispute from Ms. Malloy, since any reasonable investigation would have concluded the Debt was medical in nature.

63. Experian's conduct was willful and intentional, or, alternately, Experian acted with reckless disregard for its duties under the FCRA to investigate consumer disputes.

64. Experian is thus liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Malloy's actual damages and statutory damages of up to $1,000 for *each occurrence*, plus punitive damages, reasonable attorneys' fees and costs.

**WHEREFORE,** Ms. Malloy respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Ms. Malloy's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT IV
### EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
**(Pled in the Alternative to Count III)**

65. Ms. Malloy adopts and incorporates paragraphs 1 – 46 as if fully stated herein and pled in the alternative to Count III.

66. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to make a reasonable reinvestigation into a dispute from Ms. Malloy, since any reasonable investigation would have concluded the Debt was medical in nature.

67. Experian's conduct was negligent, and Experian is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Malloy's actual damages, reasonable attorneys' fees and costs.

**WHEREFORE,** Ms. Malloy respectfully requests this Honorable Court enter judgment against Experian for:

   a. Ms. Malloy's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

   c. Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Ms. Malloy hereby demands a jury trial on all issues so triable.

Respectfully submitted on July 30, 2024, by:

        **SERAPH LEGAL, P.A.**

        */s/ Christian E. Cok*
        Christian E. Cok, Esq.
        Florida Bar No.: 1032167
        CCok@SeraphLegal.com
        2124 W Kennedy Blvd., Suite A
        Tampa, FL 33606
        Tel: 813-567-1230
        Fax: 855-500-0705
        *Lead Counsel for Plaintiff*

        */s/ Thomas M. Bonan*
        Thomas M. Bonan Esq.
        Florida Bar No.: 118103
        TBonan@SeraphLegal.com
        *Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Ms. Malloy's Experian Consumer Disclosure, July 2, 2024, Alpheon Tradeline – Excerpt